IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
TOPEKA DIVISION

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| vs. | : |
| DAVID TANNER, Individually, and d/b/a<br>   CAPITAL ENHANCEMENT CLUB,<br>ROCKY D. SPENCER,<br>MARROC CORP., and<br>RICHARD P. KRINGEN, | :<br><br>Civil Action No.<br>05-4057-SAC |
| Defendants, | : |
| and | : |
| MARGARET F. SPENCER,<br>OMNIBUS LLC,<br>VECTRA RESOURCES, LLC, and<br>DYNAMIC ENVIRONMENTAL SOLUTIONS, INC., | : |
| Relief Defendants. | : |

FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

2005 MAY 17 P 3: 24

RALPH L. DELOACH
CLERK
BY B.W._____ DEPUTY
AT TOPEKA, KS.

**ORDER OF PRELIMINARY INJUNCTION, ORDER FREEZING ASSETS
<u>AND GRANTING OTHER RELIEF</u>**

This matter came before the Court on application of Plaintiff Securities and Exchange Commission ("Commission") for issuance of a preliminary injunction, and after the Court having previously issued a temporary restraining order other equitable relief including an order freezing assets, requiring an accounting of revenues, expenses and assets, prohibiting the destruction and/or alteration of documents, and requiring the repatriation of funds and assets against David Tanner, individually and d/b/a Capital Enhancement Club; Rocky D. Spencer; Marroc Corp. and Richard P. Kringen (collectively "Defendants") and Margaret F. Spencer; Omnibus LLC.; and Vectra

dockets.Justia.com

Resources, LLC. (collectively "Relief Defendants").[1] The Court, having considered the evidence presented, the briefs presented and the arguments of counsel, is of the opinion that the Commission's motion should be granted and accordingly makes the following findings and conclusions:

1. This Court has jurisdiction over the subject matter of this action and over Defendants and Relief Defendants.

2. The Commission is a proper party to bring this action seeking the relief sought in its *Complaint*.

3. The Commission has demonstrated a prima facie case that Defendants, have engaged and are engaged in acts and practices which did, do, and will constitute violations of Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933 ("Securities Act"), and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder.

4. The Commission has demonstrated a prima facie case that Defendants used improper means to obtain investor funds and assets and caused certain of those assets to be transferred to Relief Defendants.

5. The Commission has presented sufficient evidence to demonstrate that an asset freeze is appropriate until the disposition of investor funds can be determined.

6. The Commission has presented sufficient evidence to demonstrate that an

---

[1] The original TRO included Dynamic Environmental Solutions, Inc. as a relief defendant. Dynamic Environmental Solutions, Inc. and the SEC have agreed to a separate order that extends the TRO. Thus DES is not included in this order or its references to "relief defendants."

*SEC v. David Tanner, et al.*                                                                 Page 2
**ORDER OF PRELIMINARY INJUNCTION, ORDER FREEZING ASSETS AND GRANTING OTHER RELIEF**

accurate accounting is appropriate to determine the disposition of investor funds.

7. The Commission has presented sufficient evidence to demonstrate that a receiver is appropriate to marshal and preserve assets for the benefit of the investors.

8. The Commission has presented sufficient evidence to demonstrate that it is necessary to order the repatriation of assets to assure the ability of the Court to order the payment of disgorgement and civil money penalties as authorized and for the benefit of investors.

9. The Commission has presented sufficient evidence to demonstrate that it is necessary to guard the business records of all Defendants and Relief Defendants from destruction.

10. The court finds that it is unlikely that without the injunctive relief, the fraudulently obtained funds would be recovered, thus plaintiff will suffer irreparable injury unless the injunctive relief issues; that the threatened injury to the movant outweighs whatever damage the injunctive relief may cause the opposing party; that the injunctive relief would not be adverse to the public interest; and that there is a substantial likelihood that the movant will eventually prevail on the merits.

**IT IS THEREFORE ORDERED**

I.

Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by

personal service or otherwise, are restrained and enjoined in the offer or sale of any securities by use of any means or instruments of transportation or communication in interstate commerce, or of the mails, from, directly or indirectly:

(a) employing any device, scheme or artifice to defraud;

(b) obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) engaging in any transactions, practices or courses of business which operate or would operate as a fraud or deceit upon any purchaser or prospective purchaser.

[Securities Act § 17(a) (15 U.S.C. § 77q(a))].

## II.

Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from making use of any means or instrumentalities of interstate commerce, or of the mails or of any facility of a national security exchange, directly or indirectly, in connection with the purchase or sale of any security:

(a) to employ any device, scheme or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;

(c) to engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person; or

(d) to use or employ manipulative or deceptive device or contrivance in contravention of a rule or regulation prescribed by the Securities and Exchange Commission.

[Exchange Act § 10(b) and Rule 10b-5 thereunder (15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5)].

### III.

Defendants and their agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from, directly or indirectly:

(a) making use of the means or instruments of transportation or communication in interstate commerce or of the mails to sell any securities through the use or medium of any offering document or otherwise, unless and until a registration statement is in effect with the Commission as to such securities;

(b) carrying any securities or causing them to be carried through the mails or in interstate commerce, by any means or instruments of transportation, for the purpose of sale or delivery after sale, unless and until a registration statement is in effect with the Commission as to such securities; or

(c) making use of any means or instruments of transportation or communication in interstate commerce, or of the mails, to offer to

sell, or to offer to buy, through the use or medium of any offering documents or otherwise, any securities, unless a registration statement has been filed with the Commission as to such securities, or while a registration statement filed with the Commission as to such securities is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding of examination under Section 8 of the Securities Act [15 U.S.C. § 77h]; provided, however, that nothing in this Part III of this Order shall apply to any security or transaction which is exempt from the provisions of Section 5 of the Securities Act [15 U.S.C. § 77e].

[Securities Act §§ 5(a) and 5(c) (15 U.S.C. §§ 77e(a) and 77e(c))].

### IV.

Defendants and their agents, employees, servants, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from, directly or indirectly, making any payment or expenditure of funds, incurring any additional liability (including, specifically, by advances on any line of credit and charges on any credit or debit card), or effecting any sale, gift, hypothecation or other disposition of any asset, pending provision of sufficient proof to the Court of sufficient funds or assets to satisfy all claims alleged in Commission's Complaint, or the posting a bond or surety sufficient to assure payment of any such claim. Further, any bank, trust company, broker-dealer or other depository institution holding accounts for or on behalf of the Defendants or a correspondent bank acting on behalf of the Defendants shall make no transactions in

securities (excepting liquidating transactions necessary as to wasting assets) and no disbursements of funds or securities (including extensions of credit, or advances on existing lines of credit), including the honor of any negotiable instrument (including specifically, any check, draft, or cashier's check) purchased by or for the Defendants, pending further order of this Court.

V.

Relief Defendants and their officers, agents, employees, servants, attorneys and all persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from, directly or indirectly, making any payment or expenditure of funds, and from assigning, conveying, transferring, encumbering, disbursing, dissipating, selling or concealing any assets, monies, or other property owned by or in the actual or constructive possession of these Relief Defendants which they received directly or indirectly from any Capital Enhancement Club investor, and/or any defendant in this case, pending a showing to this Court that they have sufficient funds or assets to satisfy an appropriate order of disgorgement, pending the posting of a bond or surety sufficient to assure payment of any such order, or until further order of this Court. Further, any bank, trust company, broker-dealer or other depository institution holding accounts for or on behalf of the Relief Defendants or correspondent bank acting on behalf of defendants shall make no transactions in any such securities (excepting liquidating transactions necessary as to wasting assets) and no disbursements of any such funds or securities, including the honor of negotiable instruments (including specifically, any check, draft, or cashier's check) purchased by or for the Relief Defendants, pending further order of this Court.

### VI.

To effectuate the provisions of Paragraph IV and V above, the Commission may cause a copy of this Order to be served on any bank, savings and loan, broker-dealer or other financial or depository institution or correspondent bank either by United States mail or by facsimile as if such service were personal service, to restrain and enjoin any such institution from disbursing funds, directly or indirectly, to or on behalf of the Defendants or Relief Defendants, or any companies or persons or entities under their control.

### VII.

Defendants and Relief Defendants shall immediately repatriate all funds and assets obtained, directly or indirectly, from the activities described in the Commission's Complaint that are now located outside the jurisdiction of this Court. Such funds shall be immediately transferred or paid to the Court-appointed Receiver or into the registry of this Court. Furthermore, with respect to any other asset owned by the Defendants or Relief Defendants that is now located outside the jurisdiction of this Court, including, specifically, any monies, securities, real property, or other assets, the Defendants and Relief Defendants shall immediately identify to the Court or the Court-appointed Receiver the location of such asset, the price paid or consideration given, and the date upon which it was purchased. Securities, or other personalty that can be readily moved or transferred, and titled or other documents reflecting ownership as to real property, shall be delivered to the Court-appointed Receiver or into to the registry of this Court as soon as possible.

### VIII.

Defendants and Relief Defendants shall make an interim accounting, under oath,

within 96 hours of the issuance of this Order, detailing by amount, date, method and location of transfer, payee and payor, purpose of payment or transfer: (a) all investor monies and other benefits they received, directly and indirectly, from or as a result of the activities alleged in the Complaint and the disposition of these funds; (b) all of their current assets wherever they may be located and by whomever they are being held, and their current liabilities; and (c) all accounts with any financial or brokerage institution maintained for the Defendants or any Relief Defendant at any point during the period from January 1, 2003, to the present. The accounting shall be sufficient to permit a full understanding of the flow of investor funds from the investor to their present location to the extent known by the Defendants and Relief Defendants or within their power to learn. The accounting and all documents reviewed in the course of the preparation thereof or otherwise pertaining thereto shall be delivered by facsimile or overnight courier to Timothy P. Davis, Securities and Exchange Commission, 801 Cherry Street, 19th Floor, Fort Worth, Texas 76102 by the deadline set forth above.

## IX.

Defendants and Relief Defendants, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from destroying, removing, mutilating, altering, concealing or disposing of, in any manner, any of their books and records or any documents relating in any manner to the matters set forth in the Commission's Complaint, or the books and records and documents of any entities under their control, until further order of this Court.

## X.

The United States Marshal in any district in which any Defendant or Relief Defendant resides, transacts business or may be found is authorized and directed to make service of process at the request of the Commission.

## XI.

The Commission may effect service on Defendant Tanner by using any alternate provision of service permitted by Rule 4 of the Federal Rules of Civil Procedure, specifically including e-mail or letters rogatory.

SIGNED May 17, 2005

_____
UNITED STATES DISTRICT JUDGE