**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
TOPEKA DIVISION**

_____

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

  vs.

DAVID TANNER, Individually, and d/b/a
    CAPITAL ENHANCEMENT CLUB,
ROCKY D. SPENCER,
MARROC CORP., and
RICHARD P. KRINGEN,

        Defendants,

and

MARGARET F. SPENCER,
OMNIBUS LLC,
VECTRA RESOURCES, LLC, and
DYNAMIC ENVIRONMENTAL SOLUTIONS, INC.,

        Relief Defendants.
_____

Civil Action No.
05-4057-SAC

**ORDER**

This matter came before the Court to consider Plaintiff's application in support of entry of a default judgment against Defendant Richard P. Kringen ("Kringen") and Relief Defendant Omnibus LLC ("Omnibus"). Having considered the Commission's application and supporting declarations and documentation, as well as the record in this matter, this Court hereby grants the Commission's application and directs the Clerk of this Court to enter this final judgment.

**I.**

It is hereby **ORDERED** that the Commission's Motion for Default Judgments Against Defendant Kringen and Relief Defendant Omnibus (Dk. 57), pursuant to Fed. R. Civ. P. 55(b) is granted.

**II.**

It is further **ORDERED** that Defendant Kringen and his trustees, agents, servants, employees, and all persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from, directly or indirectly:

(a) making use of the means or instruments of transportation or communication in interstate commerce or of the mails to sell any securities through the use or medium of any offering document or otherwise, unless and until a registration statement is in effect with the Commission as to such securities;

(b) carrying any securities or causing them to be carried through the mails or in interstate commerce, by any means or instruments of transportation, for the purpose of sale or delivery after sale, unless and until a registration statement is in effect with the Commission as to such securities; or

(c)     making use of any means or instruments of transportation or communication in interstate commerce, or of the mails, to offer to sell, or to offer to buy, through the use or medium of any offering documents or otherwise, any securities, unless a registration statement has been filed with the Commission as to such securities, or while a registration statement filed with the Commission as to such securities is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding of examination under Section 8 of the Securities Act [15 U.S.C. § 77h]; provided, however, that nothing in this Part III of this Order shall apply to any security or transaction which is exempt from the provisions of Section 5 of the Securities Act [15 U.S.C. § 77e].

[Securities Act §§ 5(a) and 5(c) (15 U.S.C. §§ 77e(a) and 77e(c))].

### III.

It is further **ORDERED** that Defendant Kringen and his trustees, agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise, are restrained and enjoined in the offer or sale of any securities by use of any means or instruments of transportation or communication in interstate commerce, or of the mails, from, directly or indirectly:

(a)     employing any device, scheme or artifice to defraud;

(b)     obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were

made, not misleading; or

(c)    engaging in any transactions, practices or courses of business which operate or would operate as a fraud or deceit upon any purchaser or prospective purchaser.

[Securities Act § 17(a) (15 U.S.C. § 77q(a))].

### IV.

It is further **ORDERED** that Defendant Kringen and his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise, are restrained and enjoined from making use of any means or instrumentalities of interstate commerce, or of the mails or of any facility of a national security exchange, directly or indirectly, in connection with the purchase or sale of any security:

(a)    to employ any device, scheme or artifice to defraud;

(b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;

(c)    to engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person; or

(d)    to use or employ manipulative or deceptive device or contrivance in contravention of a rule or regulation prescribed by the Securities and Exchange Commission.

[Exchange Act § 10(b) and Rule 10b-5 thereunder (15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5)].

**V.**

It is further **ORDERED** that Plaintiff Commission shall make application to this Court for an order setting an appropriate amount of disgorgement and prejudgment interest for Kringen and Omnibus; and civil penalties for Kringen. Following the entry of such an order and assessment, the Commission shall request entry of a final judgment pursuant to Fed. Rules Civ. Proc. 54 and 58.

DATE: July 21, 2005

s/ Sam A. Crow<br>
U.S. District Senior Judge