IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 05-4057-SAC |
| DAVID TANNER, et al., | ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court upon the motion of defendant David Tanner for the entry of a protective order requiring plaintiff to depose defendant Tanner by written questions (Doc. 81). Plaintiff has filed a response in opposition to defendant Tanner's motion (Doc. 82), to which defendant Tanner has timely replied (Doc. 91). This matter is therefore fully-submitted and ripe for decision. For the reasons set forth below, defendant Tanner's motion for protective order shall be denied.

I.      Background

Plaintiff, the Securities and Exchange Commission, has brought this enforcement action to redress the alleged fraudulent offer and sale of securities.[1] On July 25, 2005, plaintiff served notice for a deposition of defendant Tanner, which was to take place at plaintiff's offices in Fort Worth, Texas at 9:00 a.m. CDT

_____

[1] *See* Complaint (Doc. 1).

on August 4, 2005.[2]   During earlier discussions between counsel for the parties, counsel for defendant

Tanner had indicated to plaintiff that he intended to exercise his Fifth Amendment right in the event he was

deposed in this matter.[3]   On August 2, 2005, counsel for defendant Tanner contacted plaintiff to indicate

that defendant Tanner opposed the taking of his deposition, and, at 3:04 p.m. CDT on August 2, 2005,

defendant Tanner filed the instant motion seeking a protective order to prevent the taking of his deposition

other than by written questions.[4]

II.     Analysis

a.      *Timing of the Motion for Protective Order*

        Before turning to the merits of defendant Tanner's motion, the court must first address an objection

raised by plaintiff to the timing of defendant Tanner's motion.   Plaintiff contends that because the instant

motion was filed at 3:04 p.m. CDT on August 2, 2005, it is improper under D. Kan. Rule 26.2 in that it

was not filed and served at least 48 hours in advance of the noticed time of the deposition at which it was

directed.   The instant motion was filed and served approximately 42 hours in advance of the noticed time

for defendant Tanner's deposition.

        D. Kan Rule 26.2 provides in relevant part: "The filing of a motion for protective order pursuant

to Fed. R. Civ. P. 26(c) or 30(d) shall stay the discovery at which the motion is directed pending order of

_____

        [2] *See* Notice of Deposition of Defendant David Tanner, *attached as* Ex. 1 to Motion for Protective Order (Doc. 81).

        [3] *See* Motion for Protective Order (Doc. 81), at ¶ 3; *see also* Plaintiff's Response to Defendant Tanner's Motion for Protective Order (Doc. 82), at p. 5.

        [4] *See* Defendant Tanner's Reply to Plaintiff's Response to Defendant Tanner's Motion for Protective Order (Doc. 91), at p. 2; *see also* Plaintiff's Response to Defendant Tanner's Motion for Protective Order (Doc. 82), at p. 3.

the court. . . .   No properly noticed deposition shall be automatically stayed under this rule unless the motion directed at it shall have been filed and served. . . at least 48 hours prior to the noticed time of the deposition."   Under Fed. R. Civ. P. 30(b), "[a] party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party in the action."[5]  "The notice shall state the time and place for taking the deposition and the name and the address of each person to be examined. . . ."[6]   Under the local rules of the District of Kansas, "reasonable notice" is specified to be a minimum of five days, with the time computed in compliance with Fed. R. Civ. P. 6.[7]  Under Fed. R. Civ. P. 6, intervening weekends and legal holidays are excluded from the computation of time periods of less than eleven days, as is the day of the act or event from which the designated time period is calculated.

Plaintiff served the notice for defendant Tanner's deposition on July 25, 2005, ten calendar days and eight business days prior to the noticed time of the deposition.[8]  Therefore, the court finds that the deposition was properly noticed in compliance with the Federal Rules of Civil Procedure and the District of Kansas local rules.  Defendant Tanner, in his reply (Doc. 91), admits that the instant motion was filed less than 48 hours prior to the noticed time of the deposition; however, he states that the deposition was improperly noticed because plaintiff "failed to adhere to custom and practice" by not conferring with

---

[5] Fed. R. Civ. P. 30(b)(1).

[6] *Id.*

[7] D. Kan. Rule 30.1.

[8] *See* Motion for Protective Order (Doc. 81), at ¶ 1; *see also* Plaintiff's Response to Defendant Tanner's Motion for Protective Order (Doc. 82), at p. 3.

3

opposing counsel before noticing the deposition.[9]  While the court encourages counsel to confer prior to

the scheduling of depositions in order to minimize expense and inconvenience, the court does not find such

courtesy to be a necessary prerequisite for a deposition notice that fully complies with the requirements of

the applicable procedural rules to be proper.

The effect of a motion filed and served 48 hours in advance of a properly noticed deposition is

simply to stay the taking of the deposition pending a ruling on the motion.  Here, the deposition at which

the instant motion was directed did not take place at the time and place noticed due to plaintiff's failure to

appear and no subsequent notice for any future deposition has yet been filed.  Because the court finds the

deposition notice for the August 4, 2005-deposition of defendant Tanner was proper and the instant motion

for protective order was not filed and served at least 48 hours prior to the  noticed time of the deposition,

the court will order that any reasonable costs incurred by plaintiff as a result of defendant Tanner's non-

appearance at the attempted August 4, 2005-deposition shall be born by defendant Tanner.

b.       *Merits of the Motion for Protective Order*

Turning to the merits of defendant Tanner's motion for protective order, the motion seeks an order

requiring that defendant Tanner be deposed upon written questions in order to avoid the burden and

expense of traveling to the United States for the purpose of being deposed when he has stated his intention

to assert his Fifth Amendment right against self incrimination.  Plaintiff has responded to the motion by

asserting it is entitled to take an oral deposition of defendant Tanner and a party wishing to exercise his or

---

[9] *See* Defendant Tanner's Reply to Plaintiff's Response to Defendant Tanner's Motion for
Protective Order (Doc. 91), at p. 3.

her Fifth Amendment right must do so by presenting him or herself at the time or place where testimony is to be given and asserting the privilege in response to the specific questions asked.

Fed. R. Civ. P. 30(a)(1) provides that a party "may take the testimony of any person, including a party, by deposition upon oral examination without leave of court . . . ." Therefore, provided plaintiff complies with the applicable rules with regard to issuing a proper notice of deposition, it is has a right to take the oral deposition of defendant Tanner without the need for a grant of leave from the court, and the court will not limit this right.

Plaintiff is certainly entitled to elect to depose defendant Tanner by written questions, pursuant to Fed. R. Civ. P. 31; however, to do so "is more cumbersome than an oral examination and is less suitable for a complicated inquiry or for a searching interrogation of a hostile or reluctant witness."[10] "Whether or not the deposition of a witness shall be taken orally or by written interrogatories is. . . within the discretion of the court, but that discretion must be exercised in a manner that will do justice to both parties."[11] Because both methods of deposition are contemplated by the Federal Rules of Civil Procedure, and because there are strategic considerations that plaintiff should, in the interests of justice, be permitted to act upon in determining whether defendant Tanner would most effectively be deposed orally or in writing, the court will not limit plaintiff's options in this instance.

Defendant Tanner has asserted that he should be protected from a deposition by oral questions because of the undue burden and expense it would require for him to present himself in the United States

_____

[10] 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2131 (2d ed. 1994) (citing *Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 549 (D.C.N.Y. 1989)).

[11] *Wheeler v. West India S.S. Co.*, 11 F.R.D. 396, 397 (S.D.N.Y. 1951) (citation omitted).

for the taking of his deposition.  The party seeking a protective order bears the burden of demonstrating

that good cause exists to support its issuance.[12]  In opposing discovery on the grounds of burdensomeness,

a party has "the burden to show facts justifying their objection by demonstrating that the time or expense

involved in responding to requested discovery is unduly burdensome."[13]  "This imposes an obligation to

provide sufficient detail"[14] with regard to the expense or burden, and the "[d]iscovery should be allowed

unless the hardship is unreasonable in light of the benefits to be secured from the discovery."[15]

      In this instance, defendant Tanner has made only the conclusory statement that he would experience

undue burden and expense without providing any details to substantiate his claim.[16]  Indeed, he bases his

assertion that he would have to travel to the United States to attend his deposition on plaintiff's allegation

in its complaint that he resides outside the United States.[17]  It is difficult for the court to evaluate the undue

burden and expense that may be created by defendant Tanner's travel to the United States to be deposed

when it has been provided with no details of what travel is required, or even confirmation that he does, in

fact, reside outside the United States.  Moreover, the court has reviewed the record in the case and notes

that defendant Tanner has not disputed the propriety of jurisdiction or venue in the District of Kansas.  If

---

[12] *See, e.g., Reed v. Bennett*, 193 F.R.D. 689, 691 (D. Kan. 2000).

[13] *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 213 (D. Kan. 2002).

[14] *Id*.

[15] *Employers Comm. Union Ins. Co. of Am. v. Browning-Ferris Indus.*, 1993 U.S. Dist. LEXIS 21098, at *17-18 (D. Kan. Apr. 5, 1993).

[16] Motion for Protective Order (Doc. 81), at ¶ 3.

[17] *Id.* (citing Complaint (Doc. 1), at ¶ 9).

he is content to let the action go forward in this forum, then it is certainly reasonable for him to anticipate being hailed into the forum for the taking of his deposition. Therefore, the court will order that defendant Tanner may be deposed by plaintiff within the District of Kansas, absent any agreement by the parties to an alternative location for his deposition.

The fact that defendant Tanner has stated the intention to assert his Fifth Amendment right against self incrimination during his deposition does nothing to alter the court's opinion that he must present himself to be deposed. It cannot be known until a given question is asked whether defendant Tanner's Fifth Amendment right is even implicated.[18] "The Fifth Amendment's self incrimination clause protects two distinct rights: first, a defendant's right not to take the witness stand at his own criminal trial and, second, the privilege of any witness, in any formal or informal governmental proceeding, not to answer questions when the answers might incriminate him."[19] The pending action is not a criminal matter, and defendant Tanner has not asserted that it should, for any reason, be treated like one. As such, the court will direct its analysis to the witness's privilege facet of the Fifth Amendment. The witness's privilege "is a privilege to decline to respond to inquiries, not a prohibition against inquiries designed to elicit responses incriminating in nature."[20] "To rely on this facet of the Amendment's protection, a witness must normally take the stand, be sworn to testify, and assert the privilege in response to each allegedly incriminating

---

[18] *See Hoffman v. U.S.*, 341 U.S. 479, 486-87 (1951) ("To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result.").

[19] *Roach v. Nat'l Transp. Safety Bd.*, 804 F.2d 1147, 1151 (10th Cir. 1986) (citations omitted).

[20] *Id.* (quotation omitted).

7

question as it is asked."[21]   Therefore, while defendant Tanner may certainly assert his Fifth Amendment right not to answer any question he believes would tend to incriminate him, he must appear at any properly noticed deposition and assert his privilege in response to each individual question to which he believes it applicable.

c.      *Plaintiff's Request for Sanctions*

In its response, plaintiff prays for the court to impose an award of its reasonable costs as a sanction for what it describes as defendant Tanner's "dilatory conduct," apparently in filing the instant motion.[22] Pursuant to Fed. R. Civ. P. 26(c)(8), the provisions of Fed. R. Civ. P. 34(a)(4) regarding the awarding of expenses incurred in relation to a motion apply in the circumstance where the court denies a motion for protective order in whole or in part.

In this instance, the court does not find that the imposition of sanctions, beyond the award of any costs incurred by plaintiff as a result of defendant Tanner's non-appearance at the August 4, 2005-deposition discussed above, is necessary or appropriate.   While the court declines to impose specific sanctions as a result of the filing of the instant motion for protective order, all parties are hereby given notice that the court will not tolerate any behavior it finds to be dilatory, obstructionist, or improperly evasive, and will not hesitate to impose stern sanctions upon any party it finds to have engaged in such behavior in the future, including but not limited to an award of costs and attorney fees, a recommendation to the trial judge that an entry of judgment be entered against any disobedient party, or a recommendation to the trial judge that all or part of the action be dismissed.

---

[21]*Id.* (citations omitted).

[22] Plaintiff's Response to Defendant Tanner's Motion for Protective Order (Doc. 82), at p. 9.

8

III.     Conclusion

Based upon the foregoing, the court concludes that defendant Tanner's motion for protective order shall be denied, that defendant Tanner shall be required to present himself for the taking of his deposition in the District of Kansas unless the parties agree to an alternate location, that any reasonable costs incurred by plaintiff as a result of defendant Tanner's non-appearance at the August 4, 2005-deposition shall be born by defendant Tanner, and that no further sanctions shall be imposed upon defendant Tanner at this time.

**IT IS THEREFORE ORDERED:**

1.  That defendant Tanner's motion for protective order (Doc. 81) is hereby denied.

2.  That defendant Tanner shall, on or before **September 30, 2005**, make himself available within the District of Kansas for the taking of his deposition by plaintiff, absent any agreement between the parties to an alternate time or location for such deposition.

3.  That plaintiff shall, on or before **September 15, 2005**, provide the court with an affidavit attesting to any costs it has incurred as a result of defendant Tanner's non-appearance at the deposition noticed for August 4, 2005, for which it seeks reimbursement from defendant Tanner.  The court will review any such affidavit submitted and, thereafter, enter an order imposing upon defendant Tanner any such costs that it deems to be reasonable.

**IT IS SO ORDERED.**

Dated this 30th day of August, 2005, at Topeka, Kansas.

s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

9