IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


SECURITIES AND EXCHANGE COMMISSION,

                              Plaintiff,

vs.

DAVID TANNER, Individually, and d/b/a :
CAPITAL ENHANCEMENT CLUB,
ROCKY D. SPENCER,                          Civil Action No. 05-4057-SAC
MARROC CORP., and
RICHARD P. KRINGEN,

                              Defendants,

and

MARGARET F. SPENCER,
OMNIBUS LLC,
VECTRA RESOURCES, LLC, and
DYNAMIC ENVIRONMENTAL SOLUTIONS, INC.,

                              Relief Defendants.


**Memorandum and Order**

This case comes before the court on plaintiff's motion for order requiring defendant David Tanner to execute a consent directive. In this motion, plaintiff asks the court to require defendant Tanner to execute consent directives that would direct certain banks or trust companies to disclose to plaintiff's

attorney information relating to certain bank accounts. Defendant Tanner opposes the motion, contending that the language of the proposed consent directive violates his Fifth Amendment right against self-incrimination and is duplicative of a consent directive previously executed by Mark Zarubi. In reply, plaintiff claims the consent directive is not duplicative, and offers a revised consent directive whose language is modeled after one the United States Supreme Court held did not violate the right against self-incrimination.

The court has reviewed the consent directive originally proposed (Dk. 76, Exh. B), the revised consent directive (Dk. 92, Exh. C), and Mr. Zarubi's consent directive (Dk. 84, Exh. A). The court finds that the revised consent directive best preserves defendant's Fifth Amendment rights. *See Doe v. United States,* 487 U.S. 201 (1988) (holding order compelling a person to authorize foreign banks to disclose records of accounts over which he had right of withdrawal, without identifying those documents or acknowledging their existence, does not violate his Fifth Amendment privilege against self-incrimination.) The court further finds that the revised consent directive is not duplicative of the one signed by Mr. Zarubi.

The court therefore grants plaintiff's motion for order (Dk. 76) by requiring defendant David Tanner to forthwith execute 15 original consent

directives in the form attached to Dk. 92 as Exh. C and to cause them to be delivered by overnight courier service to plaintiff's attorney.

SO ORDERED.

Dated this 31st day of August, 2005, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge