IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


SECURITIES EXCHANGE COMMISSION,

                Plaintiff,

vs.

DAVID TANNER, Individually, and d/b/a :
CAPITAL ENHANCEMENT CLUB,
ROCKY D. SPENCER,                      Civil Action No. 05-4057-SAC
MARROC CORP., and
RICHARD P. KRINGEN,

                Defendants,
and

MARGARET F. SPENCER,
OMNIBUS LLC,
VECTRA RESOURCES, LLC, and
DYNAMIC ENVIRONMENTAL SOLUTIONS, INC.,

                Relief Defendants.


**Memorandum and Order**

This case comes before the court on the Receiver's motion for approval of a claims solicitation procedure, approval of a claim form, and for establishment of a claims bar date.  The motion, which is supported by the affidavit of the Receiver, Larry E. Cook, and other exhibits, is unopposed.  The court has reviewed the merits of the motion and believes that it is in the best interest of all

involved to move this matter toward closure.

The Receiver asks the court to set a deadline by which all CEC investors must complete a claim form via the Receiver's website. The court is aware that the Receiver's web site containing the same claim form has been operational for nearly four months. The court believes that a claims bar date of April 28, 2006, is the most appropriate claims bar date, as it will provide a full, fair and informed opportunity to investors who have not already filed a claim, without adding undue delay to the proceedings.

The court shall order the Receiver to provide clear, unambiguous, and repeated notice to CEC investors of the existence of the claims form and the claims bar date. The Receiver has sufficiently shown the court that he cannot locate conventional mailing addresses for the investors and that notice by publication would be expensive and ineffective. The Receiver further shows the court that it has approximately 10,000 CEC-related e-mail addresses, and that approximately 93% of them are accurate or current. Accordingly, the court approves the Receiver's proposal to send notice to defrauded investors by e-mail and to post the notice on its web site.

The Receiver also requests court approval of the proposed claim form. This form has been posted on the Receiver's web site for some time, and is

represented to be identical to the form used in other SEC receivership cases.  The court has reviewed the claim form carefully in light of the many anonymous complaints the court has received about it from alleged investors.  The court finds that the information required on the claims form is reasonably necessary to enable the Receiver to do his job, to provide a fair process for determining valid claims and to prevent the award of false claims.  In short, the court finds the form to be fair and sufficient.

IT IS THEREFORE ORDERED that the Receiver's motion for approval of a claims solicitation procedure, for approval of a claims form, and for establishment of a claims bar date (Dk. 190) is granted.

Dated this 26th day of March, 2006, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge