IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SECURITIES EXCHANGE COMMISSION,

                Plaintiff,

vs.

DAVID TANNER, Individually, and d/b/a :
CAPITAL ENHANCEMENT CLUB,
ROCKY D. SPENCER,                            Civil Action No. 05-4057-SAC
MARROC CORP., and
RICHARD P. KRINGEN,

                Defendants,

and

MARGARET F. SPENCER,
OMNIBUS LLC,
VECTRA RESOURCES, LLC, and
DYNAMIC ENVIRONMENTAL SOLUTIONS, INC.,

                Relief Defendants.

MEMORANDUM AND ORDER

        This case comes before the court upon the receiver's motion for turnover of property transferred to Server to Go, Inc., and Server to Go's cross-motion to dismiss the receiver's motion.

        The receiver contends that Server to Go received property of the

receivership estate in the amount of at least $5,085,101.00, and should turn those funds over to the receiver. Server to Go opposes the motion, and asks the court to dismiss the receiver's motion. Specifically, Server to Go challenges the court's jurisdiction, and asserts on the merits that it received reasonable equivalent value for the investor funds it received.

Alternatively, Server to Go moves the court to establish a scheduling order for discovery regarding the latter issue. The Receiver, in his reply, agrees that facts should be more fully developed and that the deadlines proposed by Server to Go would allow a reasonable amount of time in which to conduct discovery. Dk. 200, p. 4. The proposed deadlines agreed on by the parties, which run from the date this decision is filed, are:

| | |
|---|---|
| Document requests served: | 20 days |
| Documents produced: | 50 days |
| Depositions noticed and taken: | 100 days |
| Expert reports exchanged: | 120 days |
| Expert depositions taken: | 150 days |
| Pre-hearing briefs due: | 180 days |
| Hearing date: | To be determined |

**Jurisdiction**

The court first addresses Server to Go's contention that the court lacks jurisdiction. Server to Go contends that the receiver failed to timely file a copy of the complaint in New York as required by law and that such failure divests the receiver of any jurisdiction and control over property located in New York. Dk. 195.

The court's analysis of this jurisdictional challenge focuses upon 28 U.S.C. § 754 and its companion statute governing service of process, 28 U.S.C. § 1692. "These statutes vest receivers with jurisdiction over all corporate property, wherever situated, provided that copies of the complaint and order of appointment are filed in the district court for each district in which the property is located within 10 days of the entry of their order of appointment." *American Freedom Train Foundation v. Spurney*, 747 F.2d 1069, 1072 (1st Cir. 1984). The governing statute provides:

> A receiver appointed in any civil action or proceeding involving property, real, personal or mixed, situated in different districts shall, upon giving bond as required by the court, be vested with complete jurisdiction and control of all such property with the right to take possession thereof.
> He shall have capacity to sue in any district without ancillary appointment, and may be sued with respect thereto as provided in section 959 of this title.
> Such receiver shall, within ten days after the entry of his order of appointment, file copies of the complaint and such order of appointment in the district court for each district in which property is located. The failure to file such copies in any district shall divest the receiver of jurisdiction and

control over all such property in that district.

28 U.S.C. § 754.  The purpose of the statute is to give the appointing court jurisdiction over property in the actual or constructive possession and control of the debtor, wherever such property may be located.  *Inland Empire Insurance Co. v. Freed*, 239 F.2d 289, 292 (10th Cir. 1956).

The companion statute, 28 U.S.C. § 1692 provides for nationwide service of process, in stating:

> In proceedings in a district court where a receiver is appointed for property, real, personal, or mixed, situated in different districts, process may issue and be executed in any such district as if the property lay wholly within one district, but orders affecting the property shall be entered of record in each of such districts.

*See also* Fed. R.Civ. P. 4(k)(1)(D) (providing service of a summons may establish personal jurisdiction "when authorized by a statute of the United States.")

The receiver's response to Server to Go's cross-motion shows the court the file-stamped cover page of the required filing in New York, and its filing fee receipt, both dated May 12, 2005.  Dk. 200, attachments.  This case was filed in this court on May 4, 2005, and the receiver was appointed that same day, Dk. 10.  Therefore, the New York filing is within the ten days required by 28 U.S.C. § 754.

The court finds that it has jurisdiction over any receivership assets in Server to Go's possession for purposes of this turnover motion.  The court finds

4

it unnecessary to decide at this time whether it also has in personam jurisdiction over Server to Go.[1]  *See generally Haile v. Henderson Nat'l Bank*, 657 F.2d 816, 826 (6th Cir. 1981), *cert. denied*, 455 U.S. 949 (1982) (finding the process authorized by § 1692 is nationwide and the appointment court's process extends to any judicial district where receivership property is found; the minimum contacts analysis, as a limitation on state extra-territorial power, is "simply inapposite" where Congress has provided for nationwide service of process.); *SEC v. Knowles*, 87 F.3d 413, 417 (2d Cir. 1996) (when the personal jurisdiction of a federal court is invoked based upon a federal statute providing for nationwide or worldwide service, the relevant due process inquiry is whether there are minimum contacts with the United States.)

**Merits of turnover motion**

The receiver presents facts to establish that Server to Go received certain funds, and alleges that Server to Go failed to receive reasonable equivalent value for the investor funds it received.  Server to Go presents facts to show that it

---

[1] Because of the affirmative arguments made by Server to Go and the absence of facts in the record relevant to a minimum contacts analysis, the court believes that Server to Go's jurisdictional challenge is based solely on its erroneous belief that the receiver had not made the requisite filing in the State of New York. The court does not read Server to Go's brief as raising a broader challenge to the court's jurisdiction over SEC's claims against non-party non-violators.

did receive reasonable equivalent value for the investor funds it received.  The documents provided by the parties are insufficient to permit the court to rule as a matter of law on this disputed issue.  The court therefore agrees that a ruling on the receiver's motion for turnover of funds would be premature, and credits the parties for their willingness to cooperate in conducting discovery on the relevant issues.

Accordingly, the court denies Server To Go's motion to dismiss for lack of jurisdiction (Dk. 195), and takes the receiver's motion for turnover of funds (Dk. 188) under advisement, adopting the schedule for discovery set forth above.

IT IS SO ORDERED.

Dated this 26th day of April, 2006, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge