IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SECURITIES EXCHANGE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 05-4057-SAC |
| | ) | |
| DAVID TANNER, et al., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MARGARET F. SPENCER, et al., | ) | |
| | ) | |
| Relief Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF THE
MOTION BY SERVER TO GO, INC. FOR A PROTECTIVE ORDER**

**Preliminary Statement**

This memorandum of law is respectfully submitted on behalf of Server to Go, Inc. ("STG") in support of its motion for a protective order pursuant to Fed. R. Civ. P. 26(c). The Receiver served a first request for production of documents to STG, to which STG is willing and able to respond, subject to limited concerns about protecting certain private and confidential information. Prior to the production deadline, STG's counsel attempted to negotiate a protective order with the Receiver's counsel. Receiver's counsel indicated that his client and the Securities Exchange Commission were unwilling to enter into any confidentiality order, necessitating this motion.

*KC-1408813-1*

## STATEMENT OF FACTS

STG is principally engaged in the business of the design, ownership, and operation of computer software applications. Between March 2003 and March 2005, STG received a total of $5,085,010 from a Mr. James Tucker (the "Subject Funds") in exchange for extremely valuable services, labor, and materials provided, and for an interest in a highly sophisticated and profitable computer program largely developed using the Subject Funds. STG was completely unaware of Mr. Tucker's involvement in the scheme underlying this plenary action. The Receiver nonetheless commenced this turnover action claiming that the Subject Funds belonged to the receivership estate.

STG cooperated with the Receiver's discovery request and produced over 400 pages of documentation in response to Receiver's subpoenas and produced its principal, Mr. Paul Pak, for a deposition in February 2006. Pursuant to the memorandum and order of this Court dated April 26, 2006 (Docket No. 205) a discovery schedule proposed by the parties was adopted by the Court.

Document requests were served by both parties, and documents were to have been produced by STG to the Receiver by June 16, 2006. The Receiver's document request seeks documents that are highly confidential and proprietary to STG and related entities. The software at issue, referred to primarily as "EBankCentral" software, is exceptionally valuable. As Mr. Pak has previously testified, the software is more than ninety percent complete and valued at tens of millions of dollars. A patent application is pending. All of the documentation and material used to create the software has been maintained under strict secrecy.

STG, at the direction of its counsel, has compiled and delivered to its counsel the documents in its possession that are responsive to Receiver's requests. All that is needed is a confidentiality order to ensure that the information is protected. The Receiver and the SEC has for some unexplained reason demurred and summarily refuses to negotiate the terms of any confidentiality order. For this reason, this application for a protective order is necessary.

## ARGUMENT

### POINT I

### THE REQUESTED DOCUMENTS CONSIST OF TRADE SECRETS AND OTHER CONFIDENTIAL COMMERCIAL INFORMATION, THE DISSEMINATION OF WHICH WOULD SIGNIFICANTLY DAMAGE STG'S BUSINESS

Pursuant to Fed. R. Civ. P. 26(c)(7), a protective order is appropriate to protect a person from whom discovery is sought from undue burden. A court may issue a protective order in its discretion. *Estate of Trentadue v. United States*, 397 F.3d 840, 865 (10th Cir. 2005).

A.   The Parties Have Conferred in Good Faith.

Kansas District Court Rule 37. 2 requires a party making a motion pursuant to Fed R Civ P 26(c) to confer with opposing counsel to resolve the dispute prior to filing a motion. *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 635, 637 (D. Kan. 2005). This requires "that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so." D. Kan. Rule 37.2; *Cardenas*, 230 F.R.D. at 637 n.14.

STG, through its counsel, has conferred with the Receiver's counsel, who indicated that the Receiver and the SEC were unwilling, in any circumstance, to enter a

confidentiality agreement. STG provided the Receiver's counsel with its proposed confidentiality agreement and explained the need for protection and the fact that STG was prepared to turn over documents once the agreement was consummated. However, this effort was futile and the Receiver's counsel refused to consent. STG's efforts constitute a good faith attempt to resolve this discovery dispute without court intervention and the parties have reached an impasse. Therefore, STG has satisfied the preliminary threshold for brining the instant motion.

B.  <u>The Federal Rules of Procedure Require the Protection of the Information Sought.</u>

Rule 26(c)(7) provides that "a trade secret or other confidential research, development, or commercial information [will] not be revealed or [will] be revealed only in a designated way." If information sought falls within the parameters of Rule 26(c)(7), then the court will balance the interests of disclosure against the potential injury to the disclosing party. *See Cardenas*, 230 F.R.D. at 638. The party seeking to protect the information bears the burden of establishing that a "clearly defined and very serious injury" will result from disclosure. *Western Resources, Inc. v Union Pacific Railroad*, No. 00-2043-CM, 2001 WL 1718370, *5 (D. Kan. Sept. 12, 2001) (citation and quotation omitted). The court will issue a protective order requiring that the produced information remain confidential where the potential injury is significant. *See Id.*

1.  <u>The Information Sought Includes Trade Secrets and Confidential Business Information.</u>

Here, STG seeks to protect two types of information: (1) confidential business documents and (2) trade secrets. The court has discretion to grant a protective order where the disclosing party is concerned about the production of private business information. *See Southern Ute Indian Tribe v. Amoco Production Co.*, 2 F.3d 1023, 1031

(10th Cir. 1993). The Receiver has broadly requested "all financial statements," "all state and federal income tax returns," and "all payroll documents" pertaining to multiple companies over a three year period. This information is "commercial information" and is thus within the ambit of Fed.R.Civ.P. 26(c). STG is concerned about this disclosure, and this Court has discretion to order the protection.

Where a party seeks the disclosure of information that is deemed a trade secret, the party seeking disclosure must show that the information is "relevant and necessary to the action." *Centurion Indus., Inc. v. Warren Steurer and Assoc.*, 665 F.2d 323, 325 (10th Cir. 1981). "[I]f the trade secrets are deemed relevant and necessary, the appropriate safeguards that should attend their disclosure by means of a protective order are also a matter within the trial court's discretion." *Id*. at 326.

The Receiver seeks information that relates to the services that STG provided to Mr. Tucker. (*See e.g.* Document Request Nos. 5 and 6.) These services primarily involved the development and creation of the EBankCentral software. The EBankCentral software is novel and state-of-the-art. STG spent years developing the intricacies of the software for a particular market. Thus, the information sought includes trade secrets and this Court has discretion to protect this information from disclosure to the public domain. STG only requests that this information be safeguarded accordingly.

    2.    <u>A Protective Order is Necessary to Prevent Irreparable Injury to STG.</u>

STG's very business would be imperiled if the requested documents somehow fell into the wrong hands. For example, document request number 8 seeks "[a]ll documents . . . related to any patent you have obtained or any patent you have applied for E Bank Central." If a competitor were able to review the patent application, then years of

innovative work will be placed in the public domain and STG's ardent efforts to prepare that application and to protect the value of that work would be nullified. The foundation of STG's future business would lie in peril.

Similarly, certain requests seek documents that would reveal descriptions of the software. For example, document request number 5 seeks any information in any form relating to the services that STG provided. STG's services included the development of the EBankCentral software, from the inception of the idea through to the final stages of production. If a competitor gained possession of these documents, the competitive advantage that STG believes it has over this novel software would also be imperiled.

STG creates, is in the business of creating, and has created state of the art software for the banking industry. STG has expended countless hours and dedicated enormous resources to design and perfect a new and innovative technology. Moreover, STG has gone to great lengths to keep all information relating to this software secret. Revealing the specifications of this new technology could well devastate STG.

## CONCLUSION

For the foregoing reasons, STG respectfully requests that this Court enter a protective order substantially in the form of the Order attached to the accompanying Declaration.

Dated:  June 21, 2006

                Respectfully submitted,

                  /s/ Terrance M. Summers

Douglas J. Schmidt      KS # 70002
Terrance M. Summers   KS # 15141
BLACKWELL SANDERS PEPER
MARTIN LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Ph (816) 983-8000
Fx (816) 983-8080
*dschmidt@blackwellsanders.com*
*tsummers@blackwellsanders.com*

and

Stephen J. Cohen
Howard Kleinhendler
WACHTEL & MASYR, LLP
110 East 59th Street
New York, New York 10022
Ph (212) 909-9505
Fx (212) 371-0320
*scohen@wmllp.com*
*hkleinhendler@wmllp.com*
Attorneys for Server to Go.

## CERTIFICATE OF ELECTRONIC SERVICE

The undersigned hereby certifies that on June 21, 2006, the foregoing MEMORANDUM OF LAW IN SUPPORT OF THE MOTION BY SERVER TO GO FOR A PROTECTIVE ORDER was electronically filed with the Clerk of the Court for the District of Kansas, Topeka Division, by using the CM/ECF system which will send a notice of electronic filing to the following CM/ECF participants:

Michael Bachner, Robert L. Herskovits and Thomas D. Haney, Counsel for Defendant Tanner;
Christopher M. Joseph and Stephen M. Joseph, Counsel for Spencer Defendants;
Kenneth L. Weltz, Brian M. Holland and Amii N. Castle, Counsel for Receiver;
Jan P. Helder, Jr., Counsel for Defendant Seaforth Meridian, Ltd.;
Timothy P. Davis, Counsel for Plaintiff.

        /s/ Terrance M. Summers
           Attorney