**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **SECURITIES EXCHANGE COMMISSION** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | |
| ) | |
| **DAVID TANNER, et al.,** ) | **Civil Action No.:  05-4057-RDR** |
| ) | |
| **Defendants,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **MARGARET F. SPENCER, et al.,** ) | |
| ) | |
| **Relief Defendants.** | |

**MEMORANDUM AND ORDER**

This matter is presently before the Court upon the Receiver's Motion for Instruction Regarding Transfer of Portion of Recovered Funds from Capital Enhancement Club Receivership to Seaforth Meridian Receivership (the "Motion for Instruction") (Doc. # 363).  The Court, having reviewed the Motion, finds as follows:

1.      Larry E. Cook is the court-appointed Receiver in two SEC enforcement actions pending before this Court: SEC v. David Tanner d/b/a Capital Enhancement Club, et al., "CEC"), Case No. 05-4057 and SEC v. Seaforth Meridian Ltd., et al., ("Seaforth"), Case No. 06-4107.

2.      Prior to the commencement of the Seaforth case, the Receiver traced approximately $8.99 million of CEC investor funds which had been transferred to Seaforth bank accounts. Pursuant to an August 11, 2005 Order (Doc. # 84), Seaforth agreed to return the $8.99 million to the CEC Receiver.  Seaforth returned $4.1 million to the CEC Receiver before defaulting on the remaining balance.

3.      Following the commencement of the Seaforth receivership case, and the Receiver's review of Seaforth's books and records, the Receiver determined the $4.1 million Seaforth paid to the CEC Receiver represented nearly all of Seaforth's assets, excluding potential recovery actions from third-parties.

4.      As set forth in the Motion for Instruction, the CEC investors essentially became unwitting investors in the Seaforth investment scheme.  The CEC investor funds invested in Seaforth

represent 50.81 % of the net investments raised by Seaforth.  Seaforth's return of the $4.1 million to CEC results in the CEC investors receiving a significant return of their unwitting investment in Seaforth while leaving the Seaforth investors with nearly a complete loss of their investments. Several Seaforth investors have filed motions in the Seaforth case seeking a return of the $4.1 million paid to the CEC Receiver.

5.      The Motion for Instruction seeks the Court's instruction on whether the Receiver should transfer $1,513,070.70 from the CEC Receivership to the Seaforth Receivership.  This transfer will place the CEC and Seaforth investors on equal ground reflecting a pro rata return of their investments. The Motion for Instruction further seeks the Court's instruction on whether future recovery of Seaforth assets, net of expenses, should be divided with 50.81 % of any such recovery going to the CEC case and 49.19 % going to the Seaforth case also reflecting a pro rata return of their investments.

6.      The Court finds the transfer of $1,513,070.70 from the CEC receivership case to the Seaforth receivership case and a division of any future recovery of Seaforth assets, net of expenses, on a pro rata basis, 40.81 % to CEC and 49.19 % to Seaforth, is equitable and proper under the circumstances.  Accordingly,

**IT IS HEREBY ORDERED** that the Receiver is hereby instructed to transfer $1,513,070.70 from the CEC receivership case to the Seaforth Receivership case.

**IT IS FURTHER ORDERED** that any future recovery of Seaforth assets, net of expenses incurred, shall be divided as follows: 49.19 % shall be retained by Seaforth and 50.81 % shall be paid to the CEC receivership.

**IT IS SO ORDERED.**

Dated this 5th day of February, 2007 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge

2